IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA ALFARO,

     Plaintiff,                    No. CIV S-07-2225 GEB EFB PS

    vs.

RIO CITY CAFÉ,

     Defendant.                ORDER

_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

       Plaintiff has submitted an incomplete affidavit in support of her application to proceed *in forma pauperis*. Plaintiff did not fully answer Questions No. 2b (which requires applicant to state the name and address of her last employer and the amount of her take-home salary or wages and pay period), and No. 3 (although plaintiff indicated that she receives money from "disability or workers compensation payments," "gifts or inheritances," and "pensions, annuities or life insurance payments," she failed to describe each source of money, the amount received, and the amount she expects to continue to receive). Finally, in response to Question No. 4, plaintiff wrote that she has $7,500.00 in cash, checking or savings accounts, but does not explain why this

1

money cannot be used to pay the required filing fee.

Plaintiff's incomplete application fails fully to inform the court whether plaintiff is unable to prepay fees and costs or give security therefor, and thus fails to meets the requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's application is denied without prejudice. Within thirty days of service of this order, plaintiff may file a complete application for this court's further consideration.

The determination whether or not plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).

Upon review of the complaint, the court has determined that it fails to comply with Rule 8. In addition to satisfying the requirements of Rule 8(a)(2), a complaint must include the grounds upon which the court's jurisdiction rests and a demand for relief. Fed. R. Civ. P. 8(a). The complaint fails to meet any of these requirements.

////

The court is unable to determine a jurisdictional basis for this action. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, the complaint contains no reference to a federal cause of action, nor do its allegations invoke the court's diversity jurisdiction. Plaintiff alleges that an individual named Mario Armstrong is an employee of Rio City Café, and that this individual "broke into [plaintiff's] house," but also that she let him live with her for two weeks. *See* Compl., p.1. The remaining allegations in the complaint are similarly vague and confusing, and none of them are sufficient to invoke the court's jurisdiction, let alone state a claim upon which relief may be granted. Accordingly, the complaint must be dismissed. However, the court will grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, she is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220

1 requires that an amended complaint be complete in itself.  This is because, as a general rule, an
2 amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th
3 Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves
4 any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the
5 original complaint which are not alleged in the amended complaint," *London v. Coopers &
6 Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint
7 are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

8       Accordingly, IT IS ORDERED that:

9       1. Plaintiff's request for leave to proceed *in forma pauperis* is denied without prejudice;

10       2. Plaintiff's complaint is dismissed with leave to amend;

11       3. Plaintiff is granted thirty (30) days from the date of service of this order to file both a
12 complete application to proceed *in forma pauperis* and an amended complaint that establishes
13 this court's subject matter jurisdiction and states a claim for which relief may be granted.  The
14 amended complaint must bear the docket number assigned this case and must be labeled
15 "Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint;
16 and,

17       4. Failure to file either a complete *in forma pauperis* application or an amended
18 complaint in accordance with this order will result in a recommendation that this action be
19 dismissed.

20 DATED: October 31, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4